IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRANDON DON ALBRITTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-248 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner BRANDON DON ALBRITTON. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

In February 2012, petitioner was charged by Indictment in Potter County, Texas, with the offense of aggravated assault against a public servant with a deadly weapon, the Indictment alleging a prior felony conviction of robbery and a prior felony conviction of felon in possession of a firearm for purposes of enhancing punishment. *State v. Albritton*, No. 64,876-B. The Indictment alleged petitioner, on or about February 6, 2012, did threaten an individual with imminent bodily injury and did use or exhibit a firearm during the commission of the assault, and at a time when petitioner knew the individual was a public servant. [ECF 10-2 at 86].

Although not contained in the state habeas records, it appears petitioner signed a written admonishment acknowledging that for the charged aggravated assault offense, he was subject to

imprisonment for 25-99 years or life.  An affidavit from trial counsel states:

> We discussed the punishment range of 25 years to 99 years or life in Cause No. 64,876-B…I explained the plea paperwork to [petitioner], which included Written Plea Admonishments.  Specifically, I explained to my client the charges and the punishment ranges.  Additionally, I explained the judicial confession to [petitioner].  [Petitioner] understood that, by signing the judicial confession, he was admitting to each and every allegation against him.  After ensuring that [petitioner] understood the plea papers and wished to plead guilty, he freely and voluntarily signed the plea papers.

[ECF 10-2 at 83; 10-4 at 37].  Petitioner then, pursuant to a plea bargain agreement, entered a plea of guilty to the offense alleged in the Indictment.  In accordance with the terms of the plea bargain agreement, the state trial court, on March 12, 2012, assessed petitioner's punishment at thirty (30) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division.  [ECF 10-2 at 88].  Petitioner did not file a direct appeal of his conviction and sentence.

Petitioner filed a state application for habeas corpus relief collaterally attacking his conviction by placing it in the prison mail system on October 13, 2016.  [ECF 10-2 at 21].  On January 11, 2017, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order.  *Ex parte Albritton*, No. 86,100-02.  [ECF 10-1].  Petitioner filed a second state application for habeas corpus relief on May 8, 2017, and on August 23, 2017, the Texas Court of Criminal Appeals denied it without written order.  *Ex parte Albritton*, No. 86,100-06.  [ECF 10-3].

On December 12, 2017, petitioner placed the instant federal application for habeas corpus in the prison mail system, and on December 20, 2017 this Court received and filed petitioner's application.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United

States for the following reasons:

1. Petitioner is actually innocent; and

2. Petitioner's plea was involuntary due to the ineffective assistance of counsel.

### III.
### RESPONDENT'S ANSWER

On February 13, 2018, respondent filed her Answer requesting dismissal of petitioner's habeas application as time barred. In her Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. Petitioner filed a reply to respondent's Answer on March 12, 2018.

### IV.
### ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this

context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Notwithstanding the fact that petitioner, in open court, entered a plea of guilty to the charged offense and executed a judicial confession admitting he committed the acts alleged in the Indictment, he now contends he is innocent. Petitioner appears to assert he neither pointed a gun at a public servant nor verbally threatened the public servant, and that the public servant's own post-arrest statement supports this argument. [ECF 3 at 6-7]. Further, petitioner alleges his trial counsel's affidavit supports his claim in that she states she advised him to plead guilty to holding a firearm in view of a police officer. [ECF 3 at 7]. Petitioner contends he is thus actually innocent of the offense of aggravated assault on a public officer and should be excused from any applicable time bar.

Petitioner fails to make the necessary showing of actual innocence. He has not presented any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor has he shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty. Petitioner was aware of his potential defense to the charge at the time of the underlying proceeding. Moreover, as set out previously, petitioner pleaded guilty as alleged in the indictment and averred that he committed each and every allegation contained in the indictment and that he was guilty of the offense. Judicial confessions "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Likewise, "[solemn] declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a

strong presumption of verity."). Representations made by the defendant at a plea hearing, as well as the findings made by the trial judge accepting the plea, create a formidable barrier to a subsequent collateral attack. *Blackledge*, 97 S. Ct. at 1630. The facts presented by petitioner do not demonstrate he is actually innocent of the charged offense. Consequently, petitioner has not overcome any time bar for filing a federal habeas corpus petition.

## V.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. The state trial court sentenced petitioner on March 12, 2012. Petitioner did not file a direct appeal of his conviction with the appropriate state appellate court.

2. Petitioner's judgment of conviction became final on **April 11, 2012**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **April 11, 2013**, unless statutorily or equitably tolled.

8. Neither petitioner's first state habeas application, filed **October 13, 2016,** nor his second state habeas application, filed **May 8, 2017**, statutorily tolled the limitations period.

9. Petitioner has not asserted, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **December 12, 2017** when it was placed in the state prison mailing system, was filed more than four (4) years after the expiration of the statute of limitations and **is time barred**.

11. Although petitioner has asserted an actual innocence exception to the time bar, he has failed to demonstrate actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed February 13, 2018 [ECF 8], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BRANDON DON ALBRITTON be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 14, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).